IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GREGORY L. RHEA                                                  PLAINTIFF

vs.                          CIVIL NO. 04-6088

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION       DEFENDANT

## MEMORANDUM OPINION

Gregory Rhea ("plaintiff") brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on November 8, 2001, alleging an onset date of November 17, 1997, due to physical and mental impairments. (Tr. 16, 57-59). An administrative hearing was held on August 6, 2003. (Tr. 341-362). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-four years old and possessed a high school education. (Tr. 16). The record reflects that he has past relevant work experience as tax preparer, phone solicitor, heavy equipment operator, welder, floor care worker, and paint salesman. (Tr. 16).

On March 25, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that although severe, plaintiff's degenerative disc disease, herniated disc, status post left knee

anterior cruciate ligament deficiency, osteoarthritis, hernia, depressive disorder not otherwise specified, sedative dependence, and dysthymia did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 21). After determining that plaintiff's subjective complaints were not totally credibly, the ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform a range of light work, limited by his ability to stand and walk only two hours out of an eight-hour workday and occasionally stoop, climb, crouch, crawl, and kneel. (Tr. 21). As this precluded plaintiff from performing his PRW, with the assistance of a vocational expert, the ALJ determined that plaintiff could still perform work as a cashier/clerk and motel desk clerk. (Tr. 21-22).

On June 9, 2004, the Appeals Council declined to review this decision, in spite of the submission of a letter from plaintiff's treating physician dated April 2004. (Tr. 5-8, 340). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 8, 9).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir.2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir.2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final

stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to consider all of the medical evidence contained in the file. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). While the ALJ does correctly note that plaintiff has a history of drug abuse and drug seeking behavior, he fails to properly assess the medical evidence concerning plaintiff's chronic knee pain. Records indicate that plaintiff has undergone multiple surgeries to his left knee. (Tr. 340). In spite of this, however, he has continued to complain of knee pain and swelling, with notes from his treating physicians to indicate that he has shown little overall improvement. (Tr. 270, 331,339, 349, 331). In April 2004, Dr. Jerry Lorio, an orthopedist, indicated that plaintiff had recently undergone total knee replacement. It was his opinion that plaintiff had no further options, as he was now unable to stand for prolonged periods of time. (Tr. 340).

The ALJ also fails to properly consider the fact that plaintiff was prescribed both Xanax and Methadone. Caselaw dictates that the ALJ is required to consider all of the evidence relating to a plaintiff's subjective complaints, including evidence related to the dosage, effectiveness, and side effects of his medications. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). In the present case, it is significant to note that both Xanax and Methadone are known to cause drowsiness and dizziness. Further, when used in combination with other drugs that cause drowsiness or

4

dizziness, including antidepressants, alcohol, sedatives, pain relievers, anxiety medicines, muscle relaxants, and antihistamines, Methadone may increase these side effects. *See* Cerner Multum, Inc., *Methadone*, *at* www.drugs.com. As Xanax is clearly a sedative, the ALJ should have considered the possible side effects caused by plaintiff's combination of Xanax and Methadone. Accordingly, the ALJ's failure to do so constitutes error necessitating reversal and remand.

In addition, while we note that the ALJ did include information concerning plaintiff's drug use status in his opinion, he failed to make clear whether or not he considered plaintiff's abuse to be a factor in his disability determination. Since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the claimant's application must be denied. 42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535. However, "[a] finding of disability is, in effect, a 'condition precedent' to applying the special rule on alcoholism and drug addiction." *See* 20 C.F.R. § 404.1535; Frank S. Bloch, BLOCH ON SOCIAL SECURITY § 3.39 (2003).

In the present case, the ALJ noted that plaintiff was an admitted drug addict, that he had been incarcerated for counterfeiting prescriptions, and had failed to complete drug rehabilitations programs on several occasions. (Tr. 19). Further, the ALJ also indicated that plaintiff had presented to the emergency room on numerous occasions requesting narcotic pain medications, and possessed a current prescription for Methadone. In spite of making these statements, however, the ALJ did not make clear what affect, if any, this had on plaintiff's claims of disability. Specifically, he failed to make clear whether or not he considered plaintiff's drug abuse to be a contributing factor material to this case. Therefore, on remand, the ALJ is directed to perform a proper review of the evidence

5

concerning plaintiff's drug addiction and addictive behaviors, making sure to include specific findings concerning the effect plaintiff's addiction has on his alleged disability.

Further, as the record does not contain an official RFC assessment prepared by any of plaintiff's treating physicians, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and, therefore, the denial of benefits to the plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 26th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)