# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

GREGORY L. RHEA                                                                                           PLAINTIFF

v.                  Civil No. 04-6088

JO ANNE B. BARNHART, Commissioner,
Social Security Administration                                                       DEFENDANT

## O R D E R

Plaintiff Gregory L. Rhea appealed the Commissioner's denial of benefits to this court. On September 26, 2005, judgment was entered reversing the decision of the Administrative Law Judge and remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

On October 5, 2005, plaintiff moved for approval of attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), in the amount of $2,362.50, representing 15.75 hours of service at the rate of $150.00 per hour (Doc. #14). On October 12, 2005, counsel amended his petition to include a copy of the consumer Price Index (Doc. #16). Defendant has filed a response, expressing no objection to this award.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), a social

security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

Plaintiff requests attorney's fees under EAJA at an hourly rate of $150.00. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees or more than $75.00 an hour." *Id*. At F.2d 503. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to his amended motion for attorney's fees and has presented evidence of an increase in the cost of living. Therefore, his argument for enhanced fees, based on a cost of living increase, has merit. The court believes that an hourly fee of $146.00 per hour would appropriately enhance the mandated hourly fee to reflect the increase in cost of living and promote consistency in EAJA awards in the Western District of Arkansas. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

We now address the 15.75 hours of service claimed by plaintiff's counsel. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992). Having carefully reviewed the itemization submitted by counsel, we find a total of 3 hours spent from March 26, 2004 through June 14, 2004, should be deducted as time not spent

**before this court and, therefore, not recoverable under EAJA. Accordingly, we deduct the 3 hours, leaving 12.75 hours at a rate of $146.00 per hour.**

**CONCLUSION**

**Based on the above, we hereby award an attorney's fee under EAJA of $1,861.50, representing 12.75 hours at a rate of $146.00 per hour. This amount should be paid in addition to, and not out of, plaintiff's past due benefits.**

**IT IS SO ORDERED this 14th day of February 2006.**

/s/Beverly Stites Jones
**HON. BEVERLY STITES JONES**
**UNITED STATES MAGISTRATE JUDGE**